

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

AUG 1 7 2005

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| In Re: Letter Rogatory from the | § | |
| Norwegian National Authority for | § | No. |
| Investigation and Prosecution of | § | |
| Economic and Environmental | § | |
| Crimes and the Oslo District Court | § | |
| for Assistance in the Criminal | § | |
| Matter of Thor Kristen Tjontveit | § | |

3 : 05 MC 93 - R

## MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782

This memorandum is submitted in support of the application of the United States

for an order requiring a person within the jurisdiction of this Court to provide testimony

and evidence requested by the Norwegian National Authority for Investigation and

Prosecution of Economic and Environmental Crimes and the Oslo District Court

(hereinafter referred to as the "Requesting Authority") for use in a criminal proceeding in

Norway (hereinafter referred to as the "Requesting State") and appointing a commissioner

to collect it. The application is based upon the attached letter of request (hereinafter

referred to as the "Request").

As set forth in the Request, the Requesting Authority has commenced a criminal

proceeding in the Requesting State. The documentation from the Requesting State

indicates that Thor Kristen Tjontveit has been charged with fraud, in violation of the

Norwegian Penal Code. It is alleged that, from 2000 to 2002, Tjontveit, as the manager

**Memorandum in Support of Application for Order Pursuant to 28 U.S.C. § 1782 - Page 1**

of Hesthagen Farm Equipment AS, claimed tax deductions for fictitious sales and thereby defrauded the Norwegian tax authorities. It is also alleged that, during this same time period, Tjontveit, as the manager of Hesthagen Farm Equipment AS and Highland Forest Entrepreneur AS, obtained loan proceeds under false and fraudulent pretenses by making materially false statements and representations to Caterpillar Financial Services Norway regarding the financial condition of such businesses. The alleged loss attributable to Tjontveit's fraud is approximately $13 million (USD). Tjontveit's trial is set in Oslo District Court on September 13, 2005.

Tjontveit's counsel has listed Patricia Long, Tjontveit's common law wife, as a witness in the case. Because Long is a United States citizen, she is not required to appear as a witness in Norway. Although Long initially indicated that she would travel to Norway for the trial, she is no longer willing to testify in Norway without immunity from the public prosecutor, who has declined to grant such immunity. Long, however, is willing to testify via deposition in Dallas, Texas.

The Request seeks to have Long summoned to appear before a commissioner and give a recorded statement under oath. The Request indicates that Long can be located at 4713 Hillside Drive, North Richland Hills, Texas, 76180.

This Court, pursuant to its statutory and inherent authority, may (1) order that persons within this district shall provide the evidence requested for use in a proceeding in a foreign country, (2) appoint a person to gather such evidence, and (3) establish the

**Memorandum in Support of Application for Order Pursuant to 28 U.S.C. § 1782 - Page 2**

procedure pursuant to which the evidence requested shall be produced.

1.      <u>Authority to grant a foreign request for assistance</u>

28 U.S.C. § 1782 provides in pertinent part that:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign . . . tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign . . . tribunal or upon the application of any interested person . . . .

Section 1782 was enacted:

> . . . to improve United States judicial procedures for . . . obtaining evidence in the United States in connection with proceedings before foreign and international tribunals . . . .

Sen. Rep. No. 1580, 88th Cong., 2d Sess. 1 (1964), *reprinted in* 1964 U.S. Code Cong. & Admin. News 3782 (hereinafter referred to as 1964 U.S.C.C.A.N.). By enacting § 1782, Congress reaffirmed the inherent authority of district courts to grant foreign judicial assistance. *In re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago*, 648 F. Supp. 464 (S.D. Fla. 1986), *aff'd*, 848 F.2d 1151, 1154 (11th Cir. 1988) (hereinafter referred to as *Trinidad and Tobago*). More significantly, its enactment reflected Congress' desire to increase the power of district courts to respond to foreign requests for judicial assistance. *In re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1218 (9th Cir. 1976) (hereinafter referred to as *Japan I*). In sum, § 1782 is a Congressional invitation to district courts to affirmatively act to execute foreign

requests for judicial assistance.

      a.     <u>Source of the foreign request for assistance</u>

Foreign requests for judicial assistance may be made by a foreign court or tribunal,

including an investigating magistrate or juge d'instruction. *In re Letter of Request from*

*the Government of France*, 139 F.R.D. 588, 590-591 (S.D.N.Y. 1991) (hereinafter

referred to as *France*); *In re Letter of Request for Judicial Assistance from the Tribunal*

*Civil de Port-Au-Prince, Republic of Haiti*, 669 F. Supp. 403, 405-06 (S.D. Fla. 1987)

(hereinafter referred to as *Haiti*).  Foreign requests may also be made by "any interested

person," such as a foreign legal affairs minister or public prosecutor. *In re Letters*

*Rogatory from the Tokyo District Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1019

(9th Cir. 1994) (hereinafter referred to as *Japan II*); *In re Letter of Request from the*

*Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 690 (D.C. Cir. 1989)

(hereinafter referred to as *United Kingdom*); *Trinidad and Tobago*, 648 F. Supp. at 466.

      b.     <u>Purpose for the foreign request for assistance</u>

Foreign requests for judicial assistance must be for the purpose of securing

evidence "for use in a proceeding in a foreign . . . tribunal . . . ." 28 U.S.C. § 1782.  This

includes evidence needed in proceedings before investigating magistrates as well as in

proceedings before conventional courts. 1964 U.S.C.C.A.N. at 3788; *Haiti*, 669 F. Supp.

at 405-06. It also includes evidence needed during the investigative stage prior to any

formal accusation to initiate such a proceeding. *United States v. Sealed 1*, 235 F.3d 1200,

**Memorandum in Support of Application for Order Pursuant to 28 U.S.C. § 1782 - Page 4**

1206 (9th Cir. 2000).[1]

      c.    <u>Discoverability and admissibility in the foreign state of the foreign</u>
             <u>request for assistance</u>

Section 1782 does not require district courts to determine whether a foreign

request for assistance seeks material that is discoverable or admissible under the laws of

the foreign nation. 28 U.S.C. § 1782; *see In re Letter Rogatory from the First Court of*

*First Instance in Civil Matters, Caracas, Venezuela*, 42 F.3d 308, 310 (5th Cir. 1995)

---

[1] In February 1996, Congress amended § 1782 by adding the language "including criminal investigations conducted before formal accusation." P.L. 104-106, Sec. 1342 (1996). Congressional reports are otherwise silent as to the purpose of the amended language. House Conf. No. 104-450, 104th Cong., 2d Sess. 1 (1996), *reprinted in* 1996 U.S. Code Cong. & Admin. News, 110 stat. 486.

Before the amendment, circuits differed on the appropriate point prior to a pending proceeding at which district courts should render assistance. *See, e.g., In re Request for International Judicial Assistance (Letter Rogatory) for the Federative Republic of Brazil*, 936 F.2d 702, 707 (2d Cir. 1991) (hereinafter referred to as *Brazil*) (proceeding must be "imminent"); *United Kingdom*, 870 F.2d at 691 (proceeding must be "reasonably contemplated"); *Trinidad and Tobago*, 848 F.2d at 1156 (proceeding must be "very likely to occur"); *Japan I*, 539 F.2d at 1218 (assistance request "for use in completion of the investigation and in future trials").

The additional language makes clear that assistance to foreign governments is appropriate at any time during the investigative stage. Any different interpretation renders the amended language meaningless. The Department of Justice proposed the amendment with the intent of clarifying the availability of U.S. judicial procedures for obtaining evidence prior to the initiation of proceedings in the foreign tribunal. Indeed, in supporting the proposed amendment, the Department of Justice noted that:

> [S]ome U.S. courts [sic] decisions since the late 1980's have interpreted
> § 1782 as authorizing assistance in criminal matters only if formal
> charges have already been filed abroad, or are 'imminent,' 'very likely,'
> or 'within reasonable contemplation' . . . [A]n amendment is needed to
> resolve the current conflicting interpretations of the statute, in order to
> assure that assistance is uniformly available to the Tribunals at any point
> in the investigative stage . . . . Accordingly, the [proposed amended
> language to] section 1782 make[s] it clear that section 1782 is available
> at the investigative stage.

Letter from Kent Markus, Acting Assistant Attorney General, to Honorable Newt Gingrich, Speaker, U.S. House of Representatives, 1995, at 2.

**Memorandum in Support of Application for Order Pursuant to 28 U.S.C. § 1782 - Page 5**

(hereinafter referred to as *Venezuela*) ("[T]here is nothing in the law requiring or

suggesting that American courts ... examine the information requested by letter rogatory

to determine whether that information comports with the discovery rules of the requesting

nation."); *France*, 139 F.R.D. at 592 ("Absent a showing that a requesting country is

manipulating section 1782 . . . United States Courts are not to embark upon the task of

deciding the propriety of the ultimate uses of evidence gathered under the Section.").

Nonetheless, some courts do distinguish between requests from a foreign court and

requests from other sources and give deference to the requests from foreign courts.  *See*

*Venezuela*, 42 F.3d at 310-311 (The U.S. court need not be concerned with discoverability

in the foreign jurisdiction "where a foreign court is making a request for information,

because the foreign court is, presumably, the arbiter of what is discoverable under its

procedural rules."); *In re Letter of Request from the Amtsgericht Ingolstadt, Federal*

*Republic of Germany*, 82 F.3d 590, 592 (4th Cir. 1996) (U.S. "courts should not . . .

second-guess[] the evidentiary requests of foreign courts based on the foreign

jurisdiction's own rules of discovery.").  Other courts, evaluating requests from sources

other than foreign courts, view discoverability as "simply one factor that a district judge

may consider" in determining whether to provide assistance.  *Euromepa S.A. v. R.*

*Esmerian, Inc.*, 51 F.3d 1095, 1098 (2d Cir. 1995) (hereinafter referred to as *Euromepa*);

*In re Application of Silvia Gianoli Aldunate*, 3 F.3d 54, 60 (2d Cir. 1993) (concerns

regarding the discoverability of requested material under foreign law is within the

discretion of the U.S. court). *But see Trinidad and Tobago*, 848 F.2d at 1156 ("While a

district court generally should not decide whether the requested evidence will be

admissible in the foreign court . . . the district court must decide whether the evidence

would be discoverable in the foreign country before granting assistance.").

2.    Authority to appoint a commissioner

Section 1782 further provides in pertinent part that:

> The district court . . . may direct that the testimony or
> statement [of a person who resides or is found within the
> district] be given, or the document or other thing be produced,
> before a person appointed by the court.

A district court customarily appoints or "commissions" a person ("commissioner")

to collect evidence on behalf of the district court and authorizes the commissioner to

submit the evidence collected to the requesting foreign court or authority.  With requests

for assistance in criminal matters, a district court typically appoints an Assistant United

States Attorney as commissioner.  However, a district court also may commission a

foreign authority together with (or in lieu of) an Assistant United States Attorney. *See,*

*e.g., In re Letter of Request from the Supreme Court of Hong Kong*, 138 F.R.D. 27, 29

(S.D.N.Y. 1991) (hereinafter referred to as *Hong Kong*); *see also Haiti*, 669 F. Supp. at

408.

Application to a district court for appointment of a commissioner to execute a

foreign request for judicial assistance is handled *ex parte*. *United Kingdom*, 870 F.2d at

688; *Japan I*, 539 F.2d at 1219.

**Memorandum in Support of Application for Order Pursuant to 28 U.S.C. § 1782 - Page 7**

3.    Authority to establish the evidence-collecting procedure

Section 1782 further provides in pertinent part that:

> To the extent that the order does not prescribe otherwise, the
> testimony or statement shall be taken, and the document or
> other thing produced, in accordance with the Federal Rules of
> Civil Procedure.

A district court empowers a commissioner to collect the evidence using the procedure

prescribed by the court. A district court has "complete discretion in prescribing the

procedure to be followed." *United Kingdom*, 870 F.2d at 693, *citing* 1964 U.S.C.C.A.N.

at 3789. When a district court's order fails to specify a procedure by which a

commissioner is to collect the evidence, the Federal Rules of Civil Procedure apply.

*Japan II*, 16 F.3d at 1019; *Hong Kong*, 138 F.R.D. at 31. However, when a district court

*does* specify a procedure other than one in accordance with the Federal Rules of Civil

Procedure, the alternative procedure shall apply. 28 U.S.C. § 1782(a); *see Euromepa*, 51

F.3d at 1101-1102.

a.    Commissioner's subpoena

If a district court so orders, a commissioner may use the attached form, entitled

commissioner's subpoena, to obtain the requested evidence. *See, e.g., United States v.

Erato*, 2 F.3d 11, 13-14 (2d Cir. 1993) (incorporating in pertinent part the district court's

order directing the use of commissioner's subpoenas). The commissioner's subpoena is a

creation of neither the Federal Rules of Criminal Procedure nor the Federal Rules of Civil

Procedure, but is an order of the district court for the production of evidence in

accordance with Section 1782. *See* 28 U.S.C. 1651; *White v. National Football League*, 41 F.3d 402, 409 (8th Cir. 1994) (a court may issue whatever process it deems necessary to facilitate disposition of the matter before it), *abrogated on other grounds by Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997). Upon authorization by a district court, a commissioner may issue such commissioner's subpoenas as are necessary to execute the request in the relevant district.

      b.   <u>Notice of evidence taking</u>

If a district court so orders, a commissioner may collect the evidence in accordance with procedures--including those involving notice--requested by the requesting court or authority.[2] In the absence of a request for a specific procedure, a district court can assume that the requesting court or authority has provided such notice as the foreign law requires, or that the foreign law does not require notice and the requesting court or authority does not consider notice to be necessary or useful. In sum, if the requesting state has not requested notice, no notice need be provided. Accordingly, to the extent that

---

[2] Historically, United States authorities have executed requests for judicial assistance in criminal matters without notification to actual or potential targets of investigations, or even to parties in proceedings, in order to protect against compromising foreign investigations and proceedings. Moreover, United States authorities customarily rely on the requesting courts and authorities to provide such notice directly to the relevant parties as foreign law requires. Finally, requesting courts and authorities routinely request that United States executing authorities follow particular, stated notice procedures when such procedures are necessary or useful under the foreign law or practice. For example, foreign requests frequently ask (1) that a person to be interviewed (generally a defendant or suspect) be given notice of applicable testimonial privileges (e.g., against self-incrimination) at the time of the interview and (2) that a defendant and defense counsel be permitted to be present during the taking of testimony of a witness and be given sufficient notice to make arrangements.

a request does not ask for specific notice procedures, a district court should authorize a commissioner to take the evidence without notice to any party other than the recipient of the commissioner's subpoena.

    4.    <u>The Present Request</u>

Based upon the facts set forth in the Request, it is clearly one contemplated when, in enacting § 1782, Congress expanded the authority of federal courts to assist foreign tribunals.

Congress intended that the United States set an example to other nations by making judicial assistance generously available. *Trinidad and Tobago*, 848 F.2d at 1153-54. Accordingly, the government asks this Court, in the interests of comity, to issue the attached order under § 1782 granting assistance for a proceeding in the Requesting State, appointing the undersigned Assistant United States Attorney as commissioner, and authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, to collect the evidence requested and to adopt such procedures in the receipt of the evidence as are consistent with the intended use thereof in the Requesting State.

Respectfully submitted,

RICHARD B. ROPER
UNITED STATES ATTORNEY

*Tammy Reno*

TAMMY RENO
Assistant United States Attorney
Texas State Bar No. 00797301
1100 Commerce Street, Third Floor
Dallas, Texas  75242
Telephone:    214.659.8600
Facsimile:    214.659.8803

**Memorandum in Support of Application for Order Pursuant to 28 U.S.C. § 1782 - Page 11**

*Translation from Norwegian*

(Arms of the Norwegian State)

# ØKOKRIM

The Norwegian National Authority for Investigation and Prosecution
of Economic and Environmental Crime

To the correct judicial authority in the United States of America

| Your reference | Our reference | Our date |
|---|---|---|
| | Case 432/02 | 22 July 2005 |

**ROGATORY COMMISSION FOR JUDICIAL EXAMINATION OF WITNESS IN THE USA IN A CRIMINAL CASE AGAINST THOR KRISTEN TJØNTVEIT, DOB 28 JULY 1936**

**INTRODUCTION**

ØKOKRIM *(The Norwegian National Authority for Investigation and Prosecution of Economic and Environmental Crime)* hereby requests assistance in connection with the pending main hearing in the criminal case against Thor Kristen Tjøntveit.

ØKOKRIM indicted Thor Kristen Tjøntveit on 7th March 2003, cf. Attachment 1.

The main proceedings of the case are scheduled to take place at Oslo District Court on 13th September 2005. We therefore request assistance with the taking of a deposition from a witness who is domiciled in the USA. The deposition is to be used as evidence in the main proceedings in Oslo District Court. Witnesses domiciled in the USA are not obliged to appear before Norwegian courts. The witness has been asked in advance whether she is willing to give her statement in Norway, which she has declined to do.

The examination is to be used as evidence in the criminal case against:

**THOR KRISTEN TJØNTVEIT DOB 28 July 1936**
**Address: Unknown**
**Emigrated to the USA on 6 July 1982**

The Defendant is sought through Interpol.

The ØKOKRIM Public Prosecutors' Office is the competent authority in the case pursuant to the Norwegian Criminal Procedure Act, and the competent authority to submit this rogatory commission.

Oslo District Court has directed that evidence shall be taken, cf. Attachment

| Mailing address | Address | Tel | Fax |
|---|---|---|---|
| PO Box 8193 Dep | C.J. Hambros plass 2 B | +47 23 29 10 00 | +47 23 29 ●0 0● |
| N 0034 OSLO, Norway | 0164 OSLO, Norway | | |

S. *Anne Colling*

*True Translation Certified – Government Authorised Translator - Norway*

*Translation from Norwegian*

## FURTHER ON THE FACTS OF THE CASE

Reference is made to the attached indictment, <u>cf. Attachment 1</u>.

The main facts of the case (Charges I, II, III and IV) concern serious fraud and attempted serious fraud in relation to the Norwegian tax authorities (fraud regarding value added tax) and Caterpillar Financial Services Norway. The case concerns fraud and attempted fraud of NOK 87 million, approximately equivalent to USD 13 million.

The Public Prosecutor's proceedings are based on the fact that Thor Kristen Tjøntveit as the actual manager of Hesthagen Farm Equipment AS has claimed a deduction of value added tax for purchase and sale of goods that did not take place (fictitious sales) and thereby caused the State considerable loss (cf. Charges I and II (attempted)).

Further, the Public Prosecutor's proceedings are based on the fact that Thor Kristen Tjøntveit has defrauded Caterpillar Financial Services Norway by providing incorrect information regarding the financial situations of Hesthagen Farm Equipment AS and Highland Forest Entrepreneur AS (Charges III and IV (attempted)).

Defense Counsel has requested that Patricia Long be heard as a witness in the case against Thor Kristen Tjøntveit. According to information received, Patricia Long is the common law spouse of Thor Kristen Tjøntveit and is in possession of information which is of importance to the case. According to information she is an American citizen, domiciled in the USA at the following address:

**Patricia Long**
**4713 Hillside Drive**
**North Richland Hills**
**Texas 76180**
**USA**

Until recently, the Public Prosecutor has understood that Patricia Long would be willing to be interviewed in Norway. Through the Defendant's defense counsel she has, however, stated in a fax dated 19th July 2005 that she is not willing to do this. Therefore, judicial examination would seem to have to take place in the USA, which she, according to the Defendant's defense counsel, is in agreement with.

## FURTHER ON THE ACCOMPLISHMENT OF THE DEPOSITION

It is requested that the witness give a statement under oath. Since the statement is to be used as evidence in a Norwegian court, we request that the Public Prosecutor and the Defendant's defense counsel be present during the examination and that all parties are given the opportunity to put questions to the witness. Documents may also be presented which the witness will be requested to explain. We request that the examination be recorded such that it can be read out in a Norwegian court.

Because of the impending main proceedings we also request that the examination be accomplished before Week 37 (12 September 2005).

S. Anne Colling

*True Translation Certified – Government Authorised Translator - Norway*

*Translation from Norwegian*

Appendix 2

(RECEIVED AT ØKOKRIM
22 July 2005 - stamp)
AHK (sign.)

(Arms of the Norwegian State)

# OSLO DISTRICT COURT

## DECISION

| | |
|---|---|
| Case No.: | 03-010593MED-OTIR/04 |
| Judge: | Assistant Judge Michael Åsheim |
| Subject matter: | Decision regarding taking of testimony abroad, cf Section 47 of the Courts Act |

| | |
|---|---|
| Økokrim Public Prosecutor Office | Senior Public Prosecutor Petter Nordeng |
| **versus** | |
| Thor Kristen Tjøntveit | Advocate Torkjell Solbø |

No limitation to publication

*True Translation Certified – Government Authorised Translator - Norway*

*Translation from Norwegian*

The following

D e c i s i o n

was handed down:

By endorsement dated 21st July 2005, the Økokrim Public Prosecutor's Office has submitted a request for a decision by the District Court regarding a rogatory commission for taking of testimony of the witness Patricia Long by the competent authority in the United States of America, for use during the main hearing of the present criminal case.

Patricia Long is entered into the summary of evidence by Defense Counsel. According to information she is an American citizen, and thus has no obligation to appear as a witness in Norway. Patricia Long has given the following address to the Prosecutor:

4713 Hillside Drive
North Richland Hills
Texas
USA

Based on information provided by the Defense Counsel, it is assumed that the witness cannot appear at the main proceedings in Norway without disproportionate inconvenience or danger that the evidence may otherwise be lost. It appears from a fax from the Defense Counsel attached to the endorsement, however, that the witness is not willing to testify in Norway without a declaration of immunity from the Prosecution, which the Prosecution has denied on grounds of principle. Further, it will be seen from the letter that the witness is, however, willing to give a statement in the USA, which necessitates this decision.

It will be seen from the stated correspondence that both the Prosecution, the Accused and Defense Counsel have had the opportunity to speak regarding the question.

Out of regard for the information in the case and the accused's right to have the best possible defense, the District Court decides, on the statutory basis of Section 47 of the Courts Act, that testimony shall be sought recorded abroad, in the form of judicial examination of Patricia Long. The judicial examination shall be sought undertaken by the competent authority in the USA.

D e c i s i o n:

In Case No. 03-010593MED-OTIR/04 before Oslo District Court, Norway, testimony shall be sought recorded in the form of judicial examination of Patricia Long by the competent authority in the USA.

(Stamp of Oslo District Court )

*(Signed) Michael Åsheim*
Michael Åsheim
Assistant Judge

-2-    03-010593MED-OTIR/04

*True Translation Certified – Government Authorised Translator - Norway*

*Translation from Norwegian*

**CONTACT PERSONS**

Any inquiries regarding this rogatory commission may be directed to ØKOKRIM, Petter Nordeng, Senior Public Prosecutor, or Police Prosecutor Anna Haugmoen Karlsen – telephone +4723291000, fax +4723291001.

Thank you in advance for your assistance.

ØKOKRIM Public Prosecutor's Office, 22 June 2005

*(Sign) Anna Karlsen*          (Stamp of Økokrim Public Prosecutor's Office)
for  Petter Nordeng
Senior Public Prosecutor



*True Translation Certified – Government Authorised Translator - Norway*

*Translation from Norwegian*

ØKOKRIM Case No. 432/02                                    *Attachment 1*

(Arms of the Norwegian State)

# INDICTMENT

### THE PUBLIC PROSECUTOR'S OFFICE

### AT

### ØKOKRIM
(The Norwegian National Authority for Investigation and Prosecution
of Economic and Environmental Crime)

hereby gives notice that :

**Thor Kristen Tjøntveit, National Identity No. 280736 47942
Address unknown, emigrated to the United States of America
On 6 July 1982**

is indicted before Oslo District Court for violation of:

**I.     Section 72, Nos. 1 and 3, of the Act relating to Value Added Tax, cf. Sections
270 and 271 of the Penal Code,**

*for intentionally presenting incorrect or incomplete information in a statement of
sales or other statement or explanation to the tax authorities, thereby having evaded tax
or gained unjustified refund of tax, or having contributed thereto.*

**The grounds are the following acts or complicity therein:**

In his capacity as de facto manager of Hesthagen Farm Equipment AS, Oslo, he arranged for
entering unjustified deductions for input value added tax for a total amount of at least NOK
36 439 650 into the company's statements of sales for 2000, 2001 and 2002.

**II.     Section 72, Nos. 1 and 3 of the Act relating to Value Added Tax, cf. Sections 270
and 271, cf. Section 49 of the Penal Code,**

*for intentionally having presented incorrect or incomplete information in a statement of sales
or other statement or explanation to the tax authorities, thereby having attempted to evade tax
or gain unjustified refund of tax, or having contributed thereto.*

**The grounds are the following acts or complicity therein:**

**a.**
In his capacity of de facto manager of Hesthagen Farm Equipment AS, Oslo, he arranged for
a deduction for input value added tax in the amount of at least NOK 13 230 000 to be
incorrectly entered into the company's statement of sales for the 2nd and 3rd periods of 2002.
Restitution in relation to the statement was never made because the County Tax Office
discovered the circumstances.

*True Translation Certified – Government Authorised Translator - Norway*



*Translation from Norwegian*

**b.**
In his capacity of de facto manager of Highland Forest Entrepreneur AS, Oslo, he arranged for a deduction for input value added tax in the amount of NOK 2 112 000 to be incorrectly entered into the company's statement of sales for the 3rd period of 2002. Restitution in relation to the statement was never made because the County Tax Office discovered the circumstances.

**III. Section 270, subsection 1, No. 1, cf. subsection 2, cf. Section 271, of the Penal Code**

*for the purpose of obtaining for himself or others an unjustified gain by causing, strengthening or exploiting a mistake, contrary to law having deluded someone to carry out an act which caused loss or danger of loss to him or the person he acted on behalf of, since the fraud is regarded as serious, in particular because the act has caused considerable financial damage, or contributed to it.*

**The grounds are the following acts or complicity therein:**

During the period April 2000 to April 2002 he deluded employees of Caterpillar Financial Services Norway to grant loans to Hesthagen Farm Equipment AS and Highland Forest Entrepreneur AS in the total amount of NOK 25 044 642 for purchase of heavy machinery. He gave incorrect and/or incomplete information about the company's financial situation, which caused loss or danger of loss to Caterpillar Financial Services Norway.

**IV. Section 270, subsection 1, No. 1, cf. subsection 2, cf. Section 271, cf. Section 49, of the Penal Code**

*for the purpose of obtaining for himself or others an unjustified gain, by causing, strengthening or exploiting a mistake, contrary to law having deluded someone to carry out an act which caused loss or danger of loss to him or the person he acted on behalf of, since the fraud is regarded as serious, in particular because the act has caused considerable financial damage, or contributed to it.*

**The grounds are the following acts or complicity therein:**

During the period November 2001 to April 2002 he attempted to delude employees at Caterpillar Financial Services Norway to grant loans to Hesthagen Farm Equipment AS and Highland Forest Entrepreneur AS for a total amount of NOK 11 607 640 for purchase of heavy machinery. He gave incorrect and/or incomplete information about the company's financial situation, which caused loss or danger of loss to Caterpillar Financial Services Norway.

**V.      Section 286, second punishment alternative, cf. Section 288 of the Penal Code,**

*for having intentionally or negligently substantially ignored provisions regarding book-keeping, annual accounts or storing accounts as provided for by law or Regulation with the statutory basis in law, since there are particularly aggravating circumstances present having contributed thereto.*

*S. June Colling*

*True Translation Certified – Government Authorised Translator - Norway*



*Translation from Norwegian*

**cf. Section 4-6 of the Accounting Act (1998) (in force and effect from 1 January 1999)**

*Registration of accounting information and preparation of annual accounts shall be undertaken in accordance with good accounting practices.*

**cf. Section 5 of the Accounting Act (1977)**

*The accounts shall reflect as complete and specified information regarding the progress of the company as is required out of regard for the activity's creditors, owner and partner, management of the activity and the employees, as well as out of regard for the statement and submission obligation as provided by law or imposed on the statutory basis of law.*

**The grounds are the following acts or complicity therein:**

**a.**
In the capacity stated in item I, he ignored essential provisions regarding book-keeping, annual accounts or storage of accounts, *inter alia*, in that, for the period 2000 – 2002, incorrect invoices were entered into the company's accounts for purchase from the sole trading company T K Tjøntveit in the total amount of NOK 207 450 000, as well as incorrect invoices were entered for sale of machinery to Highland Forest Entrepreneur AS in the total amount of NOK 10 912 000.

**b.**
In the capacity as owner of the sole trading company T.K. Tjønsveit, Grimstad, Norway, he ignored essential provisions regarding book-keeping, annual accounts or storage of accounts, *inter alia*, in that for the period 2000 – 2002, incorrect invoices were entered into the company's accounts for sales to Hesthagen Farm Equipment AS in the total amount of NOK 207 450 000.

**c.**
In the capacity as mentioned in item II b, he ignored essential provisions regarding book-keeping, annual accounts or storage of accounts, *inter alia,* in that, for the period 2002 incorrect invoices were entered into the company's accounts of purchase of machinery from Hesthagen Farm Equipment AS for a total of NOK 10 912 000.

**VI. Section 72 No. 2, subsection 2 and No. 3 of the Act relating to Value Added Tax,**

*for the purpose of evading tax by omitting to submit a statement of sales according to the provisions contained in Chapter VIII.*

**The grounds are the following acts or complicity therein:**

In the capacity of owner of the sole trading company T. K. Tjøntveit, Grimstad, Norway he omitted to submit a statement of sales to the tax authorities for the year 2001, regardless of the fact that during the period he received a taxable sales income of at least NOK 800 000.

*S. June Coeling*

*True Translation Certified – Government Authorised Translator - Norway*

*Translation from Norwegian*

Section 62, subsection one of the Penal Code is applicable.

A reservation is made for entering a plea of compensation / confiscation.

ØKOKRIM  Public Prosecutor's Office, 7th March 2003

(Signed)  Petter Nordeng
Senior Public Prosecutor

(Stamp of Økokrim Public Prosecutor 's Office)



S. Anne Colling

*True Translation Certified – Government Authorised Translator - Norway*

## <u>COMMISSIONER'S SUBPOENA</u>
## (SAMPLE)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**TO:**

I, Commissioner _____, an Assistant United States Attorney for the Northern District of Texas, acting pursuant to an Order of the District Court and under the authority of 28 U.S.C. § 1782, for the purpose of rendering assistance to the Norwegian National Authority for Investigation and Prosecution of Economic and Environmental Crimes and the Oslo District Court , command that you appear before me at the United States Attorney's Office, in the building located at 1100 Commerce Street, Third Floor, in the city of Dallas, in the state of Texas, on _____, to provide a sworn statement under oath regarding your knowledge of:

(insert relevant language)

For failure to attend and provide testimony, you will be deemed guilty of contempt and liable to penalties under the law.

Dated: August ___, 2005
COMMISSIONER _____
Assistant United States Attorney
Northern District of Texas
Telephone: 214.659.8600